Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Nicole Austin**, <br><br> Plaintiff, <br><br> v. <br><br> **Alani Nutrition, LLC d/b/a Alani Nu,** <br><br> Defendant. | **Case No.** <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.** <br><br> **JURY TRIAL DEMAND** |

**COMPLAINT**

Nicole Austin (Plaintiff), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against Alani Nutrition d/b/a Alani Nu (Defendant):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

# JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the state of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the state of California.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiff is a natural person residing at 7526 Simpson Avenue, #314, North Hollywood, California 91605.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

Case 2:20-cv-04254-JAK-JC   Document 1   Filed 05/11/20   Page 3 of 7   Page ID #:3

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at P.O. Box 65159, Louisville, Kentucky 40232.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly texted messaged Plaintiff on her cellular phone on a repetitive and continuous basis.

13. Defendant's text messages were not made for "emergency purposes."

14. Plaintiff initially gave consent to receive one (1) text message per month. However, Defendant continued to text Plaintiff outside the scope of that consent, often multiple times per month.

15. Shortly after the repetitive text messages began, Plaintiff first told defendant to stop text messaging, revoking any consent Defendant may have had or though it had to text message.

16. Once Defendant knew its text messages were unwanted and to stop, all further text messages could have only been made solely for purposes of harassment.

17. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in text messaging Plaintiff.

18. Defendant's incessant text messages were bothersome, disruptive and frustrating for Plaintiff to endure.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

22. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any

wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). 1.   Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009)

23.   Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.   Defendant's calls/text messages were not made for "emergency purposes."

25.   Defendant's calls/text messages to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

26.   Any consent Defendant may have thought it had to text message Plaintiff on her cellular telephone using an automatic telephone dialing system or prerecorded voice was revoked at the moment Plaintiff told defendant to stop calling and texting him.

27.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

Wherefore, Plaintiff, Nicole Austin, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Nicole Austin, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  05/11/2020 | By: *s/ Amy L. Bennecoff Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: aginsburg@creditlaw.com |